

# Notice of Service of Process

ASE / ALL
Transmittal Number: 29949861
Date Processed: 09/25/2024

| | |
|---|---|
| **Primary Contact:** | Renee Wilm<br>Liberty Broadband Corporation<br>12300 Liberty Blvd<br>Englewood, CO 80112-7009 |
| **Electronic copy provided to:** | Kate Jewell<br>David Hymas<br>Craig Troyer<br>Michael Hurelbrink<br>Brittany Uthoff |
| **Entity:** | GCI Communication Corp.<br>Entity ID Number 3933985 |
| **Entity Served:** | GCI Communication Corp. |
| **Title of Action:** | Darin McShane vs. GCI Communication Corp. |
| **Matter Name/ID:** | Darin McShane vs. GCI Communication Corp. (16296869) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Anchorage Superior Court, AK |
| **Case/Reference No:** | 3AN-24-06617CI |
| **Jurisdiction Served:** | Alaska |
| **Date Served on CSC:** | 09/24/2024 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Law Office Of Isaac D Zorea<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT A**

IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
AT ANCHORAGE

Darin McShane

                                Plaintiff(s),
vs.

GCI Communication Corp.

CASE NO. 3AN-24 - 06617 CI

                                Defendant(s).

**SUMMONS AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: GCI Communication Corp.

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Ave., Anchorage, Alaska 99501 within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney or plaintiff (if unrepresented) Isaac D Zorea, whose address is:
P.O. Box 90844, Anchorage, AK 99509.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at https://public.courts.alaska.gov/web/forms/docs/tf-955.pdf to inform the court. - OR - If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

**NOTICE OF JUDICIAL ASSIGNMENT**

TO: Plaintiff and Defendant

You are hereby given notice that:

☑ This case has been assigned to Superior Court Judge Rankin
   and to a magistrate judge.

☐ This case has been assigned to District Court Judge _____

CLERK OF COURT

06-03-24
Date

By: _____
    Deputy Clerk

I certify that on 06-03-24 a copy of this Summons was ☑ mailed ☐ given to
☐ plaintiff ☑ plaintiff's counsel along with a copy of the
☐ Domestic Relations Procedural Order ☐ Civil Pre-Trial Order
to serve on the defendant with the summons.
Deputy Clerk NH

* The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 ANCH (10/17)(cs)                            Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

EXHIBIT A

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

DARIN MCSHANE,

    Plaintiff,

v.

GCI COMMUNICATION CORP.,

    Defendant.

Case No. 3AN-24-06617CI

## COMPLAINT

COMES NOW, Darin McShane, the plaintiff above named, by and through his attorney, Isaac Derek Zorea, and complains as follows:

### I. JURISDICTION

1.1. At all relevant times, plaintiff, Darin McShane, resided within the Third Judicial District, State of Alaska.

1.2. At all relevant times, defendant, GCI Communication Corp. (GCI), has maintained a significant business presence in Anchorage, Alaska, within the Third Judicial District, State of Alaska.

1.3. Venue properly rests within the Third Judicial District, State of Alaska.

### II. FACTS

2.1. On October 22, 2022, Plaintiff Darin McShane received a job offer from Defendant, GCI, to work as a Project Manager III within its TS Delivery Project Management Department. Mr. McShane accepted the offer and received an official start date for October 24, 2022.

2.2. During the months after being hire, Mr. McShane did a good job performing his job duties.

2.3. During February and March 2023, Mr. McShane noticed that his supervisor Billie Jo Jones began to sharply criticize and belittle him and the work he was performing for Defendant. Ms. Jones' hostility and harassment toward him continued with each passing month becoming more serious and hostile toward him. These episodes of hostility were not formalized into a written or verbal reprimand but rather were discrete episodes of unprofessional behavior by her toward him.

2.4. On August 7, 2023, Ms. Jones issued a Performance Improvement Plan (PIP) to Darin McShane wherein she identified that on June 7, 12, 14, and 30, and July 7, 10, 17, and 28, she had "counseled" him about "unacceptable performance." To Mr. McShane, the dates June 7, 2023 and August 7, 2023, did not stick out to him because he observed that Ms. Jones was critical of everything that he did, even though his performance was deficient only to her. He did not receive criticism for clients or other supervisors.

2.5. The PIP that Mr. McShane received on August 7, 2023 stated that he needed to "make regular progress on the plan" given to him over the next 90 days. During the weekly follow up meetings between Mr. McShane and Ms. Jones, she continued to overly criticize his work and provided no positive feedback. The reality was that if he performed his duties at a high level, Ms. Jones would refrain from making any comment but if he made any mistakes she heaped sharp criticism on him. This only negative-feed-back-only managerial method cause significant emotional harm to Mr. McShane.

/

/

2.6. On September 18, 2023, Mr. McShane sent an official complaint against Ms. Jones to GCI's HR department hoping to get some relief from her systematic harassment toward him. In his letter, he outlined that Ms. Jones' continual negativity toward him created a harmful and hostile work environment. He further identified that her harassment had impacted him to the point that he needed medical treatment. The letter was an official request for accommodation and relief from Ms. Jones' harassment toward him.

2.7. On September 20, 2023, shortly after sending out his letter to HR, Mr. McShane requested medical leave and protection under the Family Medical Leave Act (FMLA). Mr. McShane learned that GCI hired out to Prudential for the services related to the processing medical leave.

2.8. On September 21, 2023, Mr. McShane received notification from Prudential that he was approved for GCI Accommodation Leave Standard Service leave from September 21, 2023 until October 3, 2023. Further, Prudential's letter notified Mr. McShane that he was approved for Family Medical Leave Act leave between October 4, 2023 through October 11, 2023. Finally, the letter stated that Mr. McShane had a pending approval for FMLA covering between October 12, 2023 through October 20, 2023. The pending FMLA approval was not yet approved because Prudential was waiting for medical certification of Mr. McShane's request.

2.9. On October 18, 2023, Prudential sent a status letter to Mr. McShane clarifying that he had been approved for FMLA covering the period between October 4, 2023 through October 20, 2023 and had pending coverage for the period between October 23, 2023 through November 3, 2023. Further, Predential stated that Mr. McShane had until November 17, 2023 to provide the medical certification linked to the pending authorization.

2.10. Shortly after October 18, 2023, Mr. McShane provided Prudential the requested medical certification and he was subsequently on FMLA between the period covering October 23, 2023 through November 3, 2023.

2.11. On October 23, 2023, while he was on approved FMLA status, Ms. Jones sent a meeting request to Mr. McShane asking for his to schedule a meeting with her. On October 24, 2023, Mr. McShane attended a video conference meeting with Ms. Jones. During this meeting, Ms. Jones informed Ms. McShane that he was terminated, effective immediately.

2.12. In the October 24, 2023 termination letter that Ms. Jones sent to Mr. McShane, she stated that he was terminated "for compliance violation of the GCI Contract Management Policy while performing your job duties." The violations that Ms. Jones accused Mr. McShane of committing lacked any date for when the violation allegedly occurred, nor did it contain any specificity as to what exact violation had occurred. Mr. McShane had not received any progressive discipline regarding this alleged compliance violation, not even a verbal warning of the violation prior to his termination.

2.13. By terminating Mr. McShane on October 24, 2023, Ms. Jones prevented him from the accommodation he had received with the FMLA and it foreclosed his opportunity to make progress toward correcting the perceived deficiencies that Ms. Jones observed in her PIP.

2.14. Mr. McShane states and affirms that Ms. Jones' reason for terminating him on October 24, 2023 was so she could interfer with his opportunity to receive benefits assured to him under the FMLA.

/

/

Complaint: *McShane v. GCI Communications Corp.* — 4 of 8 —

Case 3:24-cv-00219-HRH   Document 1-1   Filed 10/09/24   Page 6 of 11

EXHIBIT A

## CAUSES OF ACTION

### A. VIOLATION OF THE TORT OF WRONGFUL DISCHARGE

3.1. The plaintiff, Darin McShane, incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.14.

3.2. Plaintiff Darin McShane affirms and attests that during the relevant time of his employment with defendant, he was satisfactorily performing the key elements of his job.

3.3. Plaintiff Darin McShane further attests and affirms that he was entitled to a work environment free from continued harassment and intimidation under Alaska's covenant of good faith and fair dealing. Further, he had a reasonable expectation that GCI would utilize progressive discipline prior to terminating his employment, as stipulated in the GCI handbook.

3.4. Plaintiff Darin McShane alleges that the defendant, GCI, violated its obligations under Alaska's covenant of good faith and fair dealing when it subjected him to a unreasonably hostile work environment and arbitrarily terminated his employment while he was on medical leave.

3.5. Mr. McShane affirms and attest that defendant's conduct, as alleged in paragraph 3.1 through 3.4, did constitute a willful and/or reckless violation of the duty that it owed to him, and violated its own internal policies, public policy, and inconsistently applied its employee handbook policies, and that such conduct was outrageous, reckless, and/or negligent, thereby violating the Covenant of Good Faith and Fair Dealing, and constituted the tort of wrongful discharge.

3.6. As a remedy for GCI's conduct, plaintiff Darin McShane requests all available remedies, including punitive damages, lost wages, lost pension, future loss wages, and other remedies available under Alaska law related to the tort of wrongful discharge and the Covenant of Good Faith and Fair Dealing.

B. **VIOLATION OF THE FAMILY MEDICAL LEAVE ACT (FMLA) OF 1993, 29 U.S.C. § 2601.**

3.7. The plaintiff, Darin McShane, incorporates all the facts and allegations within the paragraphs listed above, 2.1 through 2.14.

3.8. The plaintiff, Darin McShane, alleges that he contacted his employer to request leave under FMLA. He was told that Prudential processed GCI's requests for leave under FMLA and ADA provisions.

3.9. The plaintiff, Darin McShane, was informed by Prudential that his requests for FMLA leave was granted for a period stretching from October 3, 2023 through to at least November 3, 2023.

3.10. Under the protection of FMLA, Mr. McShane was assured that he could take his approved leave and suffer no repercussions with his employer. Further, pursuant to the provisions of the FMLA, Mr. McShane was guaranteed the right to return to his job, or to a similar job.

3.11. Despite the fact that Mr. McShane was on approved FMLA leave from his employment duties, Billie Jo Jones, his direct supervisor, who had direct knowledge that he was on FMLA leave, requested on October 23, 2023 that he attend a business meeting that was scheduled for October 24, 2023.

3.12. Despite the fact that Mr. McShane was on approved FMLA leave from his employment duties, Billie Jo Jones, informed him at the October 24, 2023 meeting that he was being terminated from his job. The decision to terminate Mr. Jones did not include any forewarning or opportunity for Mr. McShane to correct any deficiencies allegedly present in his job performance.

3.13. The plaintiff, Darin McShane, alleges that Billie Jo Jones made the decision to terminate him on October 24, 2023 with the intent to either deprive him of the opportunity to take advantage of the protections available under the FMLA or in retaliation for him taking leave under the FMLA.

Complaint: *McShane v. GCI Communications Corp.* — 6 of 8 —

Case 3:24-cv-00219-HRH   Document 1-1   Filed 10/09/24   Page 8 of 11

EXHIBIT A

3.14. The plaintiff, Darin McShane, alleges that by terminating him while he was on approved leave under the FMLA, GCI, through the actions of its manager, Billie Jo Jones, violated the conduct made impermissible by 29 U.S.C. § 2615, and specifically 29 U.S.C. § 2615(a)(1).

3.15. The plaintiff, Darin McShane, requests all remedies available to him for GCI's violation of the FMLA, as outlined in 29 U.S.C. § 2617, including lost wages, salary and benefits, cost of medical care, prejudgment interest, liquidated damages, and reasonable attorney fees.

## JURY DEMAND

4.1. Plaintiff, Darin McShane, hereby demands a trial by jury on all claims and issues for which he has a right for a jury to render judgment.

## PRAYER OF RELIEF

WHEREFORE, Plaintiff, Darin McShane, requests judgment against defendant GCI Communication Corp., as follows:

1. Full and complete payment of all damages to plaintiff against defendant related to its violation of the tort of wrongful discharge, and the Covenant of Good Faith and Fair Dealing, including lost wages, future wages, emotional distress, PTSD, punitive damages, attorney fees, prejudgment interest, and other permitted remedies, within the jurisdictional limit of this court, with the exact amount to be proven at trial.

2. Plaintiff Darin McShane requests punitive damages based on the egregious nature of defendant's conduct.

3. All remedies available for GCI's violation of the FMLA, as outlined in 29 U.S.C. § 2617, including lost wages, salary and benefits, cost of medical care, prejudgment interest, liquidated damages, and reasonable attorney fees, within the jurisdictional limit of this court, with the exact amount to be proven at trial.

EXHIBIT A

4.  Plaintiff Darin McShane request whatever additional damages the Court considers appropriate to award given the severity of defendant's conduct.

Dated: May 28, 2024

_____
Isaac D. Zorea
ABA No. 0011090
Counsel for Darin McShane

Law Office of Isaac D Zorea
PO Box 90844
Anchorage, AK 99509

**CERTIFIED MAIL**

7022 1670 0002 2580 4071

Retail 

99801

RDC 99

U.S. POSTAGE PAID
FCM LETTER
ANCHORAGE, AK 99517
SEP 19, 2024

**$9.96**

S2324N504831-15

GCI Communication Corp.
c/o Corporation Service Company, reg. agent
8585 Old Dairy Rd Ste 208
Juneau, AK 99801

RETURN RECEIPT REQUESTED

RETURN RECEIPT REQUESTED

19 SEP 2024 PM 1 L

ALASKAN FRONTIER 995

**EXHIBIT A**